IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT

MAR 27

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:13-CR-118 |
| | ) |
| ANGEL CAMPOS TELLEZ, | ) |
| a.k.a. "Israel Campos Martinez," | ) |
| a.k.a. "Abel Cruz Bonilla," | ) |
| a.k.a. "Abel Campos," | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

Were this matter to go to trial, the United States of America would prove the following facts beyond a reasonable doubt:

1. The defendant, Angel Campos Tellez, also known as "Israel Campos Martinez," "Abel Cruz Bonilla," and "Abel Campos," is a citizen and national of Mexico who is illegally present in the United States.

2. Between in and around 2009 and on or about July 28, 2012, in Prince William County, Virginia, within the Eastern District of Virginia, and elsewhere, Campos Tellez, knowingly combined, conspired, confederated, and agreed with others to transport individuals in interstate commerce, with the intent that those individuals engage in prostitution.

3. The conspiracy generally operated in the following manner:

    a. Conspirators recruited women to work as prostitutes. These women traveled from, among other places, New York, New Jersey, Virginia, Maryland, and Washington, D.C. to work for the enterprise. Most of these women were foreign nationals.

1

b. The women met a conspirator at the Greyhound bus station in Washington, D.C., and were then transported to an apartment in Riverdale, Maryland that was maintained by the enterprise.

c. Some conspirators held the role of "drivers," who were responsible for prostitution in a specific geographic area. The drivers transported women to those areas to work as prostitutes, arranged for customers, and collected proceeds from commercial sex acts with the clients.

d. The women worked with a specific driver each week.

e. The enterprise employed at least five women per week, and the enterprise prostituted at least 100 different women.

f. The enterprise operated in, among other places, Manassas, Woodbridge, Virginia Beach, Norfolk, Newport News, Baltimore, and Delaware.

g. When the women worked in northern Virginia, they stayed at the Riverdale apartment for the week, and each day their assigned driver transported them to their specific geographic area to engage in commercial sex acts.

h. When the women worked outside of the area, conspirators obtained lodging for the women and the driver near the areas where the commercial sex acts occurred.

4. Campos Tellez held a leadership role in the enterprise. He was responsible for among other things: (a) coordinating the different drivers who worked for the enterprise, (b) collecting prostitution proceeds from the drivers, (c) advertising the prostitution enterprise by handing out business cards at Spanish restaurants, check cashing stores, construction sites, and day laborer sites, and (d) obtaining lodging.

5. Campos Tellez personally transported prostitutes from the Riverdale apartment to Virginia Beach, Norfolk, Newport News, and Baltimore in order for the prostitutes to engage in commercial sex acts.

6. Campos Tellez instructed the prostitutes to charge $30.00 for 15 minutes of vaginal sex.

7. Campos Tellez received at least $15,000 in proceeds from the commercial sex acts described above.

8. The acts described above were done willfully and knowingly and with the specific intent to violate the law, and not by accident, mistake, inadvertence, or other innocent reason.

9. This Statement of Facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and others' involvement in the charges set forth in the plea agreement.

10. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Neil H. MacBride
United States Attorney

_____
Marc J. Birnbaum
Special Assistant U.S. Attorney (LT)
Michael Frank
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Angel Campos Tellez, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Angel Campos Tellez
Defendant

I am Angel Campos Tellez's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Benjamin Kent, Esq
Attorney for Angel Campos Tellez