IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:13-CR-118 |
| v. ) | |
| ) | The Honorable Claude M. Hilton |
| ANGEL CAMPOS TELLEZ ) | |
| ) | Sentencing Date: June 21, 2013, 2013 |
| Defendant. ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, by Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Marc J. Birnbaum, Special Assistant United States Attorney, and Michael J. Frank, Assistant United States Attorney, in accord with 18 U.S.C. § 3553 and the United States Sentencing Commission, Guidelines Manual § 6A1.2, files this Position of the United States with Respect to Sentencing.

The United States has reviewed the Presentence Report and concurs with the findings of the Probation Office, including the determination that the applicable guideline range is 46 to 57 months' imprisonment. The United States respectfully submits that a sentence of 46 months' imprisonment appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a), and respectfully requests that the Court impose such a sentence.

**ARGUMENT**

**I.    Applicable Sentencing Law**

A sentencing court considers both the Sentencing Guidelines and other statutorily prescribed factors. *See* 18 U.S.C. § 3553(a); *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). To determine a sentence, "[a] district court shall first calculate (after making the

appropriate findings of fact) the range prescribed by the guidelines." *Hughes*, 401 F.3d at 546. "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Id.* at 546. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

Although the Sentencing Guidelines are advisory and are only one of the factors listed in § 3553(a), the Guidelines assist the court by "'provid[ing] certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities.'" *United States v. Booker*, 543 U.S. 200, 264 (2005) (quoting 28 U.S.C. § 991(b)(1)(B)); *see also* 18 U.S.C. § 3553(a)(6). Indeed, in the ordinary case, there will be a significant amount of overlap between the Guidelines range and the remaining § 3553(a) factors because the Guidelines "reflect a rough approximation that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007). The Guidelines, for example, encompass the most salient aspects of "the nature and circumstances of the offense" (by establishing an Offense Level that incorporates aggravating or mitigating circumstances such as loss amounts, number of victims, and a defendant's role in the offense), as well as reflecting "the history and characteristics of the defendant" (most notably by establishing a Criminal History Category based on the defendant's prior criminal record). 18 U.S.C. § 3553(a)(1). The Guidelines further help to prevent "unwarranted sentencing disparities" by ensuring that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences, regardless of the district and courtroom in which they are sentenced. 18 U.S.C. § 3553(a)(6); *see Gall v. United States*, 552 U.S. 38, 46

(2007) (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Thus, although the Guidelines are not mandatory, they remain "the starting point and the initial benchmark" in ensuring fair and just sentencing both for defendants, individually, and across multiple cases, collectively. *Gall*, 552 U.S. at 49.

II. <u>Sentencing Guidelines Calculation</u>

The United States concurs in the Probation Office's Guidelines calculation. The base offense level for conspiracy to transport an individual for prostitution is 14. U.S.S.G. § 2G1.1(a)(2). The offense level is increased by three levels because of the defendant's leadership role, *id.* § 3B1.1(b)(4)(A), and by five additional levels because of the number of victims, *id.* § 3D1.4. After a three-level reduction for acceptance of responsibility,[1] the defendant is subject to a total Offense Level of 19. The defendant's criminal history is Category IV. Accordingly, the Guidelines range is 46 to 57 months' imprisonment.

III. <u>A Sentence of 46 Months' Imprisonment is Appropriate Based on the § 3553(a) Factors.</u>

In assessing the appropriate sentence, the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court shall consider the need for the sentence imposed: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from

---

[1] The United States moves this Court pursuant to U.S.S.G. § 3E1.1 to grant a three-level reduction in the defendant's offense level for acceptance of responsibility. The defendant assisted authorities in the investigation and prosecution of her own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

> **a. A Sentence of 46 Months' Imprisonment is Reasonable and Appropriate Given the Nature and Circumstances of the Offense and the Characteristics of the Defendant.**

The instant offenses are serious. Over three years, the defendant's enterprise trafficked at least 100 prostitutes for commercial sex acts throughout Virginia and into Maryland, New York, New Jersey, and Washington, D.C. The defendant held a leadership role in the enterprise, and among other things: (a) coordinated the different drivers who worked for the enterprise, (b) collected prostitution proceeds from the drivers, (c) advertised the prostitution enterprise by handing out business cards at Spanish restaurants, check cashing stores, construction sites, and day laborer sites, and (d) obtained lodging. The defendant also instructed the prostitutes, mostly foreign nationals, to charge $30 for 15 minutes of sexual intercourse. The defendant received at least $15,000 in proceeds from these commercial sex acts.

The defendant's criminal history also shows a complete lack of respect for the laws of the United States. The defendant has repeatedly illegally entered the United States. The defendant was convicted of Illegal Reentry in 2009 in the Southern District of Texas and in 2012 in the District of Maryland. The defendant was also convicted of brandishing a toy firearm in 2008 during the course of the prostitution conspiracy.

> **b. A Sentence of 46 Months in Prison Will Protect the Public, Provide Appropriate and Reasonable Deterrence, Promote Respect for the Law, and Avoid Unwarranted Sentence Disparities.**

A sentence of 46 months in prison will protect the public from this defendant. The defendant's crimes demonstrate that he is an ongoing danger to the public. The requested

sentence is also appropriate and necessary to provide the requisite level of deterrence and promote respect for the law. 18 U.S.C. § 3553(a)(2)(B), (C). The recent increase in sex trafficking prosecutions in this District underscores the need for deterrence, both general and specific, of such conduct. Some criminals have turned to sex trafficking because it is seen as a lucrative enterprise with low start-up costs, a readily replenished supply of victims, and significant demand in a marketplace that operates both online and on the street. Sex traffickers must not be allowed to conclude that prostitution is a viable business enterprise, or that they will be punished lightly if caught.

Finally, the requested sentence will not result in an unwarranted sentencing disparity. One of the defendant's coconspirators, Julio Cesar Revolorio Ramos (1:12-CR-474-CMH), later started his own prostitution business and trafficked a juvenile. The Court sentenced Revolorio Ramos to 188 months' imprisonment for Sex Trafficking of a Child. Revolorio-Ramos's girlfriend, Yanira Guerrero Andrade (1:13-CR-69-LO), who recruited the juvenile, was sentenced to 132 months' imprisonment. Another coconspirator, Miguel Santiago Ramirez (1:10-CR-416-CMH), did not hold a leadership role in the defendant's conspiracy, and had a guideline range of 10 to 16 months' imprisonment. This Court sentenced Santiago Ramirez to 12 months' imprisonment, above the low-end of the guidelines requested by the government in this case. Another co-conspirator, Juan Fernando Munoz Vasquez (1:10-CR-409-JCC) was sentenced to 120 months' imprisonment for trafficking a juvenile. Marcos Sanchez Hernandez (1:12-CR-437-GBL) was the leader of the defendant's organization. Sanchez Hernandez's guidelines range was 30 to 37 months' imprisonment, based in large part on his Category I criminal history (in comparison to the defendant's Category IV criminal history). Sanchez Hernandez was sentenced to 36 months' imprisonment, at the high-end of the guidelines.

## **CONCLUSION**

A sentence of 46 months' imprisonment is necessary and sufficient to account for the sentencing factors listed in 18 U.S.C. § 3553(a).

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:              /s/
        Marc J. Birnbaum
        Special Assistant United States Attorney (LT)
        Michael J. Frank
        Assistant United States Attorney
        Counsel for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3700 (phone)
        (703) 299-3982 (fax)
        marc.birnbaum@usdoj.gov
        michael.frank@usdoj.gov

Dated: June 12, 2013

## **CERTIFICATE OF SERVICE**

      I certify that on June 12, 2013, I electronically filed the foregoing memorandum with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following: Benjamin Kent, Esq., counsel for the defendant.

      By:          /s/
            Marc J. Birnbaum
            Special Assistant United States Attorney (LT)
            Counsel for the United States
            United States Attorney's Office
            2100 Jamieson Avenue
            Alexandria, VA 22314
            703-299-3700 (phone)
            703-299-3982 (fax)
            marc.birnbaum@usdoj.gov