IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal # 1:13-cr-118 |
| | ) | |
| ANGEL CAMPOS TELLEZ, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Defendant's Sentencing Memorandum**

The defendant, Angel Campos Tellez, by and through undersigned counsel, hereby files this memorandum in anticipation of his sentencing on June 14, 2013. Defendant represents that he and counsel reviewed the Presentence Investigation Report by the United States Probation Office in this case.

The defendant entered a plea of guilty on March 27, 2013 to a one count Criminal Information charging him with Conspiracy to Transport an Individual in Interstate Commerce with the Intent that the Individual Engage in Prostitution, in violation of Title 18, United States Code, Sections 2421 and 371, a class D Felony with one to three years term, and a fine of up to $250,000.

The Presentence Investigation Report shows an Offense Level Total of 19 at a Criminal History Category of IV. The guideline range at this level is 46-57 months. The advisory sentencing guideline calculation is undisputed. However, the defendant requests a variance.

**Argument**

The sentencing guidelines are advisory. *United States v. Booker*, 543 U.S. 200 (2005). The Court must take into account the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S.Ct. 586 (2007). Section 3553(a) directs the Court to impose a sentence that reflects the seriousness of the offense, affords adequate respect for the law, provides just punishment, affords adequate deterrence, protects the public effectively provides the defendant with needed educational or vocational training and medical care. Section 3553(a) also directs the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant and to

1

impose a sentence that is sufficient but not greater than necessary to accomplish these goals.

Under *Gall*, the Court must make appropriate findings of fact and then determine the guideline range. If the guideline range does not serve the factors set forth in Section 3553(a), the Court may impose a non-guideline sentence, or a variance sentence. The Defendant request a variance.

### Three-year Mandatory Sentence is Appropriate

Under the factors set forth in 18 U.S.C. § 3553(a), we respectfully submit that a straight 3-yr sentence term is appropriate for Mr. Tellez because his crime falls under class C or D felony for which one to three year term is prescribed. Section 3553(a) directs that the Court "impose a sentence *sufficient, but not greater than necessary*" based on the statutory objectives and relevant factors. (Emphasis added.) In this case, that analysis strongly supports imposing a sentence that is within the criminal category.

(1)  The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C § 3553(a)(1).

Shortly after his arrest, the defendant, Mr. Tellez, started to cooperate with law enforcement. In fact, at his first meeting with counsel, he insisted pleading guilty and wanted to cooperate because he felt very sorry. He wanted to face his punishment and expressed desire to go back home to Mexico. Throughout this case, Mr. Tellez and the government engaged in three debriefings. Mr. Tellez fully accepts responsibility.

Tellez is a creation of a very bad family environment. Upon his entry into the United States, he depended fully on his uncle who started and run the business of prostitution. When his uncle fled into Mexico, Tellez did not even know his uncle's business was left for him to oversee was engaged in prostitution. However, he became aware subsequently. Knowing no other means to support himself absence his uncle, he continued to transport adult women for transportation. Tellez did not know his uncle was engaged in criminal activity and the ease of available women who prostituted in his community made it easy to continue his uncle's business. Most of the money he made he sent to his uncle because he demanded it in exchange for protection in the United States.

(2)  The kind of sentences and available. 18 U.S.C. § 3553(a)(3).

Here, there is no question that three years is sufficient and fits in Felony class D. There is no need to impose 46 months to accomplish the purpose of punishment in this case. (3)  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed training or services. 18 U.S.C. § 3553(a)(2)(A-D).

Here, there can be no question that a three-year sentence would satisfy the "needs" addressed in this subsection. The seriousness of the offense does not require a sentence of 46 months, almost four years. Additionally, any concerns regarding general or specific deterrence do not justify a sentence greater than three years.

Contrary to the Government's position to compare Tellez's sentence with his coconspirators, Tellez did not transport any juvenile. Moreover, his coconspirators were not conspirators at all with Tellez because each worked for himself and kept his own money earned from the enterprise. Therefore, transporting adults for prostitution is not as serious a crime as transporting juveniles.

### Conclusion

A three-year sentence reasonably and appropriately accounts for the factors set forth 18 U.S.C. § 3553(a), reflects the seriousness of the offense, promotes respects for the law, provides a just punishment for this offense and affords adequate deterrence to criminal conduct. Although three-year sentence will be outside of the applicable advisory guideline range, it fits within the appropriate sentence for a Class C or D Felony, applicable here.

Respectfully submitted,

ANGEL CAMPOS TELLEZ.


By: _____/s/_____
        Counsel
        Benjamin Kent (VA Bar # 68306
        Law Offices of Benjamin Kent
        14701 Lee Highway, Suite 206
        Centreville, VA 20121

703-965-0108; Fax 540-359-6360
Email: bkent@kentlawoffices.com

### Certificate of Service

I hereby certify that on this 13th day June 2013, a true copy of the foregoing Defendant's Sentencing Memorandum was electronically filed with the Clerk of the Court using CM/ECF which will then send a notification of such filing (NEF) to:

Marc J. Birnbaum, AUSA

Michael J. Frankr, AUSA

_____/s/_____
Benjamin Kent (VA Bar # 68306
Law Offices of Benjamin Kent
14701 Lee Highway, Suite 206
Centreville, VA 20121
703-965-0108; Fax 540-359-6360
Email: bkent@kentlawoffices.com

4